FILED
17 APR 27 PM 2:30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: MPL    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL A. EDGE,<br><br>                            Plaintiff,<br>v.<br><br>POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br>                           Defendant. | Case No.: 15cv353-WQH(KSC)<br><br>**ORDER RE JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE (PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS)**<br><br>**[Doc. No. 41]** |

Before the Court is a Joint Motion for Determination of Discovery Dispute filed by plaintiff [Doc. No. 41] and defendant's Opposition thereto [Doc. No. 42]. In the Joint Motion, plaintiff seeks an order compelling defendant to provide further responses to his requests for production of documents. [Doc. No. 41, at pp. 1-10.] For the reasons outlined more fully below, the Court finds that plaintiff's request for an order compelling defendant to provide further responses to his document requests must be DENIED.

### *Background*

Plaintiff is proceeding in this action *pro se*. [Doc. Nos. 29, 30.] The Complaint includes three causes of action for: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) retaliation for engaging in protected activities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

1

§ 2000e *et seq.*; and (3) hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* [Doc. No. 1, at p. 1.] According to the Complaint, plaintiff worked for defendant "without incident" from 1981 to 2011. [Doc. No. 1, at p. 5.] From May 2010 to May 2011, plaintiff held the position of Vehicle Maintenance Program Analyst (VMPA) (EAS-23) for the Pacific Area at a Processing and Distribution Center in San Diego. [Doc. No. 1, at p. 5.] However, in 2011, plaintiff alleges that defendant discriminated against him because of his race when: (1) he was not selected for the position of Maintenance Management Specialist (EAS-23) on or about July 11, 2011; (2) he was not selected for the position of Manager, Maintenance Operations (EAS-26) in May of 2011; (3) he was not selected for the position of Manager, Maintenance Operations (EAS-26) on or about July 11, 2011; and (4) he was demoted to the position of Manager, Maintenance (EAS-19) after July 11, 2011. [Doc. No. 1, at p. 5.]

## *Discussion*

### A.  *Timeliness.*

The Scheduling Order in this case states in part as follows: "All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of a dispute. . . ." [Doc. No. 33, at p. 2.] *See also* Chambers' Rule V(A). Plaintiff served defendant with his document requests on October 14, 2016. [Doc. No. 42, at p. 2.] Defendant served plaintiff with its responses on November 14, 2016. [Doc. No. 42, at p. 2-3.] Plaintiff did not file the Joint Motion until January 27, 2017, long after the 45-day deadline had expired. [Doc. No. 42, at p. 3.] Therefore, plaintiff's Motion is DENIED as untimely.

### B.  *Meet and Confer Requirement.*

The Scheduling Order in this case states in part as follows: "All discovery motions must be filed . . . only after counsel have met and conferred and have reached an impasse with regard to the particular issue." [Doc. No. 33, at p. 2.] Local Rule 26.1(a) also states that: "The court will entertain no motion pursuant to Rules 26 through 37, Fed.R.Civ.P.,

unless counsel will have previously met and conferred concerning all disputed issues." CivLR 26.1(a). Chambers' Rules further state that: "Counsel must meet and confer on all issues before contacting the Court. If counsel are located in the same district, the meet and confer must be in person. . . ." Chambers' Rule V(B). In addition, discovery motions must be "accompanied by a declaration from lead trial counsel of each party to the dispute establishing compliance with the meet and confer requirements." Chambers' Rule V(D).

Here, plaintiff did not meet and confer with defense counsel before filing his Joint Motion and did not file a declaration with the Joint Motion stating compliance with the meet and confer requirements. [Doc. No. 42, at p. 3; Doc. No. 41.] Nor did plaintiff notify defense counsel that he intended to file his Joint Motion. [Doc. No. 42, at p. 3.] Therefore, plaintiff's Motion is DENIED for failure to meet and confer.

C. *Format of Plaintiff's "Joint Motion."*

Chambers' Rule V(D) states that: "A party seeking to bring a discovery dispute before the Court must provide the opposing party a reasonable opportunity to contribute to the joint motion." Chambers' Rule V(D). Here, plaintiff did not notify defense counsel that he intended to seek the Court's assistance in resolving a discovery dispute and did not give defense counsel an opportunity to contribute to his Joint Motion before filing it with the Court. [Doc. No. 42, at p. 3.] In other words, plaintiff's "Joint Motion" is not actually a "Joint Motion," because plaintiff did not give defendant an opportunity to include any points and authorities or to explain the reasons for its objections to plaintiff's document requests. [Doc. No. 41.] Accordingly, plaintiff's Joint Motion is DENIED for failure to follow Chambers Rule V(D), which requires that both parties must have an opportunity to contribute to a "Joint Motion." Chambers Rule V(D).

D. *Documents Requested.*

Federal Rule of Civil Procedure 26 provides as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1).

All of plaintiff's document requests seek materials that were "used" or "referenced" during an alleged reduction in force in the year 2011. [Doc. No. 41, at pp. 1-10.] Plaintiff argues in the Joint Motion that the documents he has requested are "directly relevant to the case," because they will show that defendant failed to follow applicable procedures. [Doc. No. 41, at pp. 1-10.] However, plaintiff does not explain how the alleged reduction in force in 2011 relates to the allegations in his Complaint or to the defenses raised in defendant's Answer.

Defendant argues that the documents plaintiff has requested are not relevant, because plaintiff is not challenging a 2011 reduction in force in his Complaint. [Doc. No. 42, at p. 4.] Rather, he is challenging his "non-selection for three positions and an alleged demotion." [Doc. No. 42, at p. 4.] Based on a review of the Complaint, the Court agrees with defendant that documents "used" or "referenced" in a 2011 reduction in force do not have any obvious relevance to the allegations in plaintiff's Complaint. [Doc. No. 1, at pp. 1-17.] Nor does it appear from a review of the Answer, that defendant is relying on a defense related to a reduction in force in 2011. [Doc. No. 8, at pp. 1-14.] Therefore, without more, the Court can only conclude that plaintiff's document requests seek disclosure of materials that do not meet the relevance standard of Rule 26(b)(1). Accordingly, plaintiff's Joint Motion is also DENIED for this reason.

/ / /

/ / /

/ / /

/ / /

/ / /

## Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request in the Joint Motion for an order compelling defendant to provide further responses to his document requests is DENIED.

IT IS SO ORDERED.

Dated: April 27, 2017

Hon. Karen S. Crawford
United States Magistrate Judge